UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NIKITA SINGER, et al.,

                      Plaintiffs,

v.

                    **REPORT, RECOMMENDATION AND ORDER**

ALLEGIANCE ACCOUNTING SERVICES, LLC,

                  1:19-cv-01277-LJV-JJM

                      Defendant.

       Before the court are plaintiffs' motions for attorney's fees pursuant to Fed. R. Civ. P. ("Rule") 37(a)(5) [22][1] and to hold defendant in contempt for failing to comply with my November 17, 2020 Text Order [21] requiring defendant to respond to plaintiffs' discovery demands [28]. Both motions are unopposed.

       Having reviewed plaintiffs' submissions [22, 28-32], plaintiffs' motion for attorney's fees is granted, and I recommend that this court find defendant in contempt, with leave to purge the contempt.[2]

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Although orders imposing sanctions under Rule 37 are nondispositive, Errant Gene Therapeutics, LLC v. Sloan-Kettering Institute for Cancer Research, 769 Fed. Appx. 141, 143, n. 1 (2d Cir. 2019) (Summary Order), it is unclear whether the same holds true for orders finding contempt under Rule 37, as Congress has distinguished between the two forms of relief. See 28 U.S.C. §636(e)(4) ("In any case in which a United States magistrate judge presides with the consent of the parties . . . the magistrate judge may exercise the civil contempt authority of the district court. This paragraph shall not be construed to limit the authority of a magistrate judge to order sanctions under . . . the Federal Rules of Civil Procedure"). Erring on the side of caution, I address the contempt motion as a recommendation.

## BACKGROUND

Plaintiffs commenced this action seeking a declaratory judgment and other relief against defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"). *See* Complaint [1], ¶ 30. By Text Order dated November 17, 2020 [21], I granted plaintiffs' unopposed motion [19] to compel discovery from defendant, ruling that "by December 15, 2020, defendant shall fully respond to plaintiffs' discovery demands [19-2]. By November 24, 2020 plaintiffs shall submit contemporaneous records of the attorney's fees incurred in connection with the motion. Upon receipt of those records, I will determine the amount of attorney's fees to be awarded to plaintiffs".

On November 17, 2020, plaintiffs moved for an award of attorney fees in the amount of $450.00 [22], including contemporaneous time [22-2]. On November 30, 2020 [24], defendant's attorney, David Peltan, moved to withdraw as counsel [24]. I held a conference with Mr. Peltan and plaintiffs' attorney, Jonathan Hilton, December 9, 2020 [27]. At the conference, Mr. Hilton withdrew the motion for attorney's fees as to Mr. Peltan only, and Mr. Peltan confirmed that he had forwarded to the defendant my November 17, 2020 Text Order requiring defendant to respond to plaintiff's discovery demands on or before December 15, 2020.

By Text Order dated December 9, 2020 [26] I granted Mr. Peltan's motion to withdraw, stated that "[t]he December 15, 2020 deadline [21] for defendant to fully respond to plaintiff's discovery demands [19-2] remains in effect", and required Mr. Peltan to serve a copy of the Order by mail and e-mail to defendant by December 11, 2020.

Having received no discovery responses, plaintiffs next moved to hold defendant in contempt, "with contempt to be purged if it complies fully within 30 days". [28] at 3. Plaintiffs served the motion upon defendant by U.S. mail [29] and through the New York

Secretary of State [31-32]. They also delivered a copy to defendant's place of business [30]. Thereafter, I issued a Text Order on May 19, 2021 requiring defendant to respond, through counsel, to defendant's motion on or before June 9, 2021 [33]. I mailed a copy of this Text Order to defendant at three separate addresses used by defendant. Id. Only one of the court's mailings was returned [34]. No attorney has since appeared for defendant, and defendant has not responded to plaintiffs' motions.

## DISCUSSION

**A.     Contempt**

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." CBS Broadcasting Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016); *see also* Scalia v. Zetti's Maple, Inc., 2021 WL 267652, *2 (W.D.N.Y. 2021).

Here, each factor is satisfied. My November 17, 2020 Text Order [21] clearly and unambiguously required that "by December 15, 2020, defendant shall fully respond to plaintiffs' discovery demands". The discovery demands at issue were attached to plaintiffs' motion [19-2], and Mr. Peltan told the court that he sent this Order to the defendant. December 9, 2020 Minute Entry [27].

Defendant's noncompliance is clear and convincing. *See* Declaration of Jonathan Hilton [28-1], ¶ 2 ("[t]o date, I have not received any discovery responses or other communications from Defendant regarding the Motion to Compal or the discover requests sent earlier in this case"). Despite receiving notice of the motion to hold it in contempt and the order

compelling it to respond to plaintiff's discovery requests, defendant has done nothing. Therefore, I recommend that plaintiffs' motion to hold defendants in contempt be granted, with the contempt to be purged if defendant complies with my November 17, 2020 order within 30 days of this court's order approving that recommendation.

**B.     Attorney's Fees**

Despite having an opportunity to be heard, defendant has not responded to plaintiffs' motion for attorney's fees. Having reviewed the motion [22] and the accompanying declaration of counsel [22-1] and invoice [22-2], I find that the services provided were directly related to drafting and pursuing the motion to compel and the related fee request. Further, both the total amount of time claimed (1.5 hours) and the requested hourly rate ($300 per hour), are reasonable.

**CONCLUSION**

For these reasons, the plaintiffs' motion [22] for attorney's fees in the amount of $450.00 is granted, with the clerk to enter judgment accordingly, and I further recommend that plaintiffs' motion to hold defendant in contempt [28] be granted.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 30, 2021. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: August 11, 2021

                                                                                JEREMIAH J. MCCARTHY
                                                                                United States Magistrate Judge