UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NIKITA SINGER, *et al.*,

       Plaintiffs,

    v.

ALLEGIANCE ACCOUNTING
SERVICES, LLC,

       Defendant.
_____

19-CV-1277-LJV-JJM
DECISION & ORDER

       On September 20, 2019, the plaintiffs, Nikita Singer, Jesse Rabb, and Jean-Paul Provencher, commenced this action against Allegiance Accounting Services, LLC ("Allegiance"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Docket Item 1. On February 28, 2020, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7.

       After Allegiance failed to respond to the plaintiffs' discovery demands, the plaintiffs moved for attorney's fees in November 2020. *See* Docket Item 35 at 2; *see also* Docket Item 22. About two weeks later, counsel for Allegiance moved to withdraw, and Judge McCarthy granted that motion on December 9, 2020. *See* Docket Item 24; Docket Item 26. On February 17, 2021, the plaintiffs moved "to hold [Allegiance] in contempt" for its continued failure to respond to discovery requests. *See* Docket Item 28 at 1; *see also* Docket Item 35 at 2. Allegiance, now without counsel, did not respond to that motion. *See* Docket Item 35 at 3.

On August 11, 2021, Judge McCarthy issued a Report, Recommendation and Order ("RR&O") granting the plaintiffs' motion for attorney's fees, Docket Item 22, and finding that the plaintiffs' motion for contempt, Docket Item 28, should be granted. Docket Item 35.  The parties did not file any objections to the RR&O by the required deadline.  But because there was no indication in the record that the RR&O had been sent to Allegiance, which by that point was proceeding *pro se*, this Court deferred consideration of the RR&O, ordered the clerk's office to provide notice to Allegiance by mail, and extended Allegiance's time to object.[1]  Docket Item 37 at 2.  This Court warned Allegiance, however, that it would "consider the RR&O based on the existing submissions" if Allegiance did not retain counsel to appear and object within 21 days of the date of the Court's order.  *Id.*  Allegiance has not responded to that order, and that deadline now has passed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

---

[1] This Court directed the Clerk of the Court to send the RR&O and this Court's order, Docket Item 37, to three addresses associated with Allegiance.  *See id.* at 2. Two of the three mailings were returned as undeliverable, *see* Docket Item 38 and Docket Item 39; because the other was not, it apparently was delivered.

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's RR&O as well as the submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to grant the plaintiffs' motion for sanctions.

For the reasons stated above and in the RR&O, the plaintiffs' motion for sanctions, Docket Item 28, is GRANTED, but Allegiance may show cause **within 30 days of the date of this order** why its contempt should be purged.  Because Allegiance is an LLC, it must retain counsel to appear and show cause.  *See Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." (citation omitted)).  Allegiance is warned that its failure to do so may well result in another judgment against it in an amount to be determined by Judge McCarthy and that the amount of the judgment may increase over time due to its failure to comply with Court orders.

The Clerk of the Court shall mail this order to Allegiance Accounting Services, LLC, at the following addresses:  (1) 392 Pearl Street, Suite 302, Buffalo, NY 14202; (2) 60 Lemon Street, Buffalo, NY 14204; and (3) 1841 Seneca Street, Buffalo, NY 14210.  *See* Docket Item 33.  This case is referred back to Judge McCarthy for further proceedings consistent with the referral order of February 28, 2020, Docket Item 7.

SO ORDERED.

Dated:   December 13, 2021
         Buffalo, New York

                                          _/s/ Lawrence J. Vilardo_
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE