UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NIKITA SINGER, *et al.*,

    Plaintiffs,

v.

ALLEGIANCE ACCOUNTING
SERVICES, LLC,

    Defendant.

19-CV-1277-LJV-JJM
DECISION & ORDER

---

    On September 20, 2019, the plaintiffs, Nikita Singer, Jesse Rabb, and Jean-Paul Provencher, commenced this action against Allegiance Accounting Services, LLC ("Allegiance"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Docket Item 1. After Allegiance answered the complaint, Docket Item 5, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 7.

    This Court previously adopted Judge McCarthy's Report, Recommendation, and Order ("RR&O), Docket Item 35, which found that the plaintiffs' motion for contempt for Allegiance's failure to respond to discovery requests, Docket Item 28, should be granted.[1] Docket Item 40. In its order, this Court informed Allegiance that "[it] may show cause within 30 days of the date of th[e] order why its contempt should be purged," *id.* at 3 (bolding omitted), and noted that "[b]ecause Allegiance is an LLC, it

---

[1] The RR&O, Docket Item 35, also granted the plaintiffs' motion for attorney's fees, Docket Item 22.

must retain counsel to appear and show cause,"[2] *id.* (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007)).  Allegiance did not respond to that order.[3]  *See* Docket Item 49 at 2-3 (noting that "[Allegiance] neither appeared by counsel, nor filed any response to [this Court's] order" and that "[s]ince nothing was filed, [Allegiance] remains in contempt of court").

The plaintiffs then asked the clerk to enter a default against Allegiance.  Docket Item 43.  But that motion was denied because Allegiance had filed an answer that had not been stricken.  *See* Docket Item 49 at 3 (citing docket entry dated Apr. 4, 2022).

On October 4, 2023, the plaintiffs moved to strike the defendant's answer.  Docket Item 45.  On December 20, 2023, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the plaintiffs' motion should be granted.[4]  Docket Item 49.  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[2] Allegiance's previous counsel in this case had moved to withdraw, Docket Item 24—and Judge McCarthy had granted that motion, Docket Item 26—about one year before the Court's order.  *See* Docket Item 40 at 1.

[3] The order was mailed to Allegiance at three separate addresses associated with it, Docket Item 40, and two of those mailings were returned as undeliverable, Docket Items 41-42.  Because the third was not so returned, it is presumed to have been delivered.  *See Hoffenberg v. Comm'r*, 905 F.2d 665, 666 (2d Cir. 1990) ("A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered.").

[4] As in the case of the order described above, the R&R was mailed to Allegiance at three separate addresses associated with it.  Docket Item 49; *see supra* at 2 n.3.  Because none of those mailings was returned as undeliverable, all are presumed to have been delivered.  *See Hoffenberg*, 905 F.2d at 666.  The R&R provided that any objections to its findings "must be filed . . . by January 4, 2024."  Docket Item 49 at 6.

2

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to grant the plaintiffs' motion.

For the reasons stated above and in the R&R, the plaintiffs' motion, Docket Item 45, to strike the defendant's answer, Docket Item 5, is GRANTED. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of February 28, 2020, Docket Item 7.

SO ORDERED.

Dated:    January 25, 2024
          Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE